EMMONS v. UNITED STATES.

(Circuit Court, D. Oregon. August 15, 1900.)

No. 1,655.

1. PUBLIC LANDS—CANCELLATION OF TIMBER LAND ENTRY—ACTION TO RECOVER PRICE.

In an action under Act June 16, 1880, to recover from the United States sums of money paid by plaintiff's assignors for lands entered under the timber act, upon the ground that the entries were subsequently canceled by the land department because the lands were not subject to entry as timber lands, an answer alleging that the entries were canceled because they were not made in good faith, but were fraudulent, and were allowed upon false affidavits made by the entrymen, states a good defense.

2. SAME—RES JUDICATA—ACTION OF LAND DEPARTMENT.

The refusal by the commissioner of the general land office of an application by an entryman for the refunding of the money paid for public lands, after his entry was canceled, does not render his claim res judicata so as to bar an action thereon in the courts, nor is his right to maintain such action affected by his conveyance of the land.

On Demurrer to Answer.

Zera Snow, for plaintiff.
John H. Hall, U. S. Atty.

BELLINGER, District Judge. On September 7, 1883, A. B. Graham entered, under the timber-land act, a quarter section of land in Columbia county, and paid $400, plus fees amounting to $10, therefor, and received his final receipt. On the 25th of August and the 19th of November in the same year Falk Steinhardt and Walter F. Jones made similar entries of one quarter section of land each, paying therefor, including fees, $410 each. These entries were subsequently canceled by the land department on the ground that the lands were not

chiefly valuable for timber. The plaintiff brings this action, as the assignee of the several claims, for repayment of the amounts so paid as aforesaid. It is alleged in the complaint that the commissioner of the general land office, after the entries were made, undertook to and did receive, in behalf of the United States, certain evidence touching the nature and character of the lands so severally entered, and that thereupon, upon consideration of the evidence so taken, it was found and determined by said commissioner that the said several pieces of land were not timber land, within the meaning of the act of congress, upon the ground that such land, or the greater part thereof, was fit for cultivation when the timber thereon was removed, and that the entry thereof, and the allowance of such entries, had been made and permitted through a mistake as to the nature and character of the lands, and thereupon the several entries were canceled. The answer denies that the commissioner and secretary of the interior, or either of them, found or determined that said entries, or any of them, were made or permitted through a mistake as to the nature and character of the lands, but avers that such entries were canceled upon the further ground that they were not in good faith, but were fraudulent, and that each of the entrymen had never seen the land in question, but had sworn falsely in that respect; and, further, that their said alleged final proof was insufficient. Further answering, it is alleged that each of the entrymen, except Jones, who appeared by I. H. Taffe, to whom he had transferred his interest, appeared in person at the hearing, and testimony was given, and it was shown that the lands were not subject to entry; that the parties had never seen the land, and had no personal information as to its character, and that the affidavits on which the applications for purchase were based were false, and that each of said entries was not made in good faith; that the decision of the local land office was examined and approved by the commissioner in each case, and that, no appeals being taken, the decisions became final, and all rights between the parties became adjudicated. For a further and separate defense the defendant, reaffirming all matters theretofore alleged, avers that each of the entrymen well knew that the several tracts were not subject to entry under the timber act; that each of said tracts was not chiefly valuable for its timber, but was fit for cultivation; that neither of them had ever seen the land sought to be entered by him, and had no personal knowledge of its character; and that their entries were not made in good faith, and each of said entrymen swore falsely in respect to said matters. And as to said Jones, in addition to each of the matters aforesaid, he did swear falsely that he was entering the land for his own exclusive use and benefit, when in fact he was taking the same for one I. H. Taffe, who was in reality the applicant for said land under the name of said Jones; and the witnesses as to the character of the land did not show by their testimony that they were well or at all acquainted with the smallest subdivisions of the tracts about which they respectively testified, by reason of all of which the money paid on account of each of said tracts of land became and was forfeited. For a further and separate answer as to that portion of the alleged claim growing out of the payment made by the said Steinhardt, the defendant, reaffirming all the matters hereinbefore

set forth, says that after the cancellation of Steinhardt's entry he made application to the commissioner for the repayment of the $410 so paid by him; that said application was duly considered and refused, and the matter thereby became adjudicated. For a further and separate defense as to the claim growing out of Steinhardt's payment, defendant avers that prior to the alleged transfer of said claim to plaintiff, and prior to the filing of the petition herein, said Steinhardt duly conveyed said land by deed to another person, and thereby ceased to have any interest in said land, or any claim growing out of his payment on account thereof.

The contention of the plaintiff is that the action of the commissioner of the general land office was erroneous in holding that land fit for cultivation after the timber thereon has been cut and removed cannot be taken under the timber act, and he relies upon the rule adopted in U. S. v. Budd, 144 U. S. 154, 12 Sup. Ct. 575, 36 L. Ed. 384. But that question does not arise on the answer, to which plaintiff demurs. The answer alleges that the entries were canceled because it was found that they were not made in good faith, but were fraudulent; that the lands were not subject to entry. For a further answer it is alleged, reaffirming what is before alleged, that the entrymen knew that the land was not subject to entry under the timber act; that each of said tracts was not chiefly valuable for its timber, etc.; that as to Jones' entry, in addition to the matters so alleged, the fact is that Jones took the land for one Taffe, who was in reality the applicant to purchase under the name of Jones. If all these allegations of fact are true, the plaintiff is not entitled to recover, under the act of June 16, 1880 (21 Stat. 287). Upon demurrer it must be assumed that it appeared on the hearing before the commissioner that the land in question is not chiefly valuable for its timber as alleged; that the entrymen made false statements in that behalf; that they did not act in good faith, but acted fraudulently in making application to purchase; and that Jones was making his entry for another. There can be no recovery if the commissioner's action was warranted, and upon the facts as alleged it was warranted. The demurrer as to these defenses is overruled.

As to the defenses that the matter as to Steinhardt's claim is res adjudicata by reason of his application to have the money paid by him refunded, and the commissioner's refusal to direct such repayment, and that Steinhardt conveyed his land to another before he assigned his claim, the demurrer is sustained.